# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERLENE STEVENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DELAWARE STATE UNIVERSITY, )<br>)<br>Defendant. )<br>)<br>) | 14-897<br>Civil Case No. 14-987<br>**FILED**<br>OCT 0 8 2014<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## MEMORANDUM

Before the Court is defendant's Motion to Dismiss, June 2, 2014, ECF No. 10. Upon consideration of defendant's motion, plaintiff's opposition, ECF No. 7, defendant's reply, ECF No. 8, applicable law, and the record in this case, the Court will GRANT defendant's motion to dismiss and will DISMISS plaintiff's claims.

### I. BACKGROUND

Plaintiff Sherlene Stevens, acting pro se, filed a Complaint against her former school, Delaware State University ("the University"). The University's main campus is in Dover, Delaware, with satellite campuses in Wilmington, Delaware, and Georgetown, Delaware. Thomas P. Preston Decl. ¶ 2. Plaintiff filed her Complaint in the Superior Court for the District of Columbia on April 28, 2014. The University timely removed the case to this Court on May 28, 2014. ECF No. 2.

Plaintiff seeks $450,000 for a breach of contract. Compl. Although her Complaint is less than clear, it generally alleges that while she was a student, her major was discontinued and the

University lost its accreditation. *Id.* In her opposition, she asserts new facts and alleges negligence and intentional emotional distress. *See generally* Opp'n.

The University sought dismissal of the Complaint due to this Court's lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and also because Stevens failed to state a claim pursuant to Rule 12(b)(6). Mot. Dismiss 2. Alternatively, the University sought a more definite statement from the Plaintiff regarding her claim pursuant to Rule 12(e). *Id.* The University now adds that Stevens' contract claims are time-barred because the applicable statutes of limitation have long since lapsed. Def.'s Response to Pl.'s Opp'n to Def.'s Mot. Dismiss 3 ("Def.'s Response").

## II. LEGAL STANDARD

On a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008).

To assert personal jurisdiction over a non-resident defendant, service of process must be authorized by statute and must comport with the Due Process Clause of the Fourteenth Amendment. *Cohane v. Arpeja–California, Inc.*, 385 A.2d 153, 158 (D.C. 1978). The District of Columbia's long-arm statute extends as far as the Due Process Clause allows, so the Court need only consider whether exercising personal jurisdiction over the defendant in this case would comport with due process. *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) ("Because we have interpreted these words to provide jurisdiction to the full extent allowed by the Due Process Clause[,] the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry." (quotations omitted)).

Personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (citations omitted). A court's jurisdiction over a defendant satisfies due process when there are "minimum contacts," *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) between the defendant and the forum "such that he should reasonably anticipate being haled into court there," *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

III. ANALYSIS

A. Personal Jurisdiction

As an initial matter, the University argues that the Court should disregard Stevens' new factual allegations not contained in her complaint. Def.'s Response 1. However, the Court need not decide this issue because even considering the new facts, the University does not have sufficient contacts to warrant jurisdiction in a District of Columbia court.

It is uncontested that the University does not have a campus or provide classes within the District, Preston Decl. ¶¶ 2–5, or have employees or faculty working in the District, *id.* ¶ 5. Stevens' sole argument in favor of the Court's jurisdiction is based on the University's contacts with the United States Department of Education, located in Washington, D.C. Pl.'s Response to Def.'s Mot. Dismiss 3 ("Opp'n"). The Court assumes for the purpose of this opinion that the

University has a relationship with the Department of Education through which it accepts a significant amount of federal student loans and Pell grants on behalf of its students.

The University's contacts with the Department of Education do not establish personal jurisdiction because the "government contacts" principle excludes its consideration. There is no personal jurisdiction where a defendant's only contact with the District of Columbia is a government contact. *NBC–USA Housing, Inc. Twenty–Six v. Donovan*, 741 F. Supp. 2d 55, 59 (D.D.C. 2010). This exception "finds its source in the unique character of the District as the seat of national government and in the correlative need for unfettered access to federal departments and agencies for the entire national citizenry." *Envtl. Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc.*, 355 A.2d 808, 813 (D.C. 1976) (en banc). It necessary because "[t]o permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum." *Id.*

Here, the only contacts alleged are that the University accepts federal student loan money from a government agency on behalf of its students. Accordingly, the government contacts principle precludes the University's contact with the Department of Education from establishing personal jurisdiction in this case. *Siam Kraft Paper Co. v. Parsons & Whittemore, Inc.*, 400 F. Supp. 810, 812 (D.D.C. 1975) (finding that defendant's activities fell within the government contact exception because he merely used the services of a government agency that issued grants and made and secured loans); *see also Morgan v. Richmond Sch. of Health & Tech.*, 857 F. Supp. 2d 104, 106 (D.D.C. 2012) (finding that "[p]articipating in federal financial aid programs through DOE is no different than receiving federal grants"). This is rightfully so, because to

hold otherwise would make virtually every university in this country subject to personal jurisdiction in the District of Columbia solely because of the role they play in facilitating student loans.

Notably, this Court has previously held that even if "considered on an equivalent private commercial basis, we do not think that the entry into any jurisdiction for the purpose of securing a loan or an insurance guaranty, with accompanying negotiations among the parties, would or should confer jurisdiction on the local courts." *Siam Kraft Paper*, 400 F. Supp. at 812. Here, the University did not even accept loans; it simply accepted federal money on behalf of its students who were required to pay the government back. Therefore even if the government contact exception did not apply, the contacts at issue would be unlikely to form a basis of personal jurisdiction.

Because this is the only contact Stevens alleges between the University and the District of Columbia, the Court concludes that Stevens has not alleged specific facts that establish personal jurisdiction over the University.

## B. Statute of Limitations

Even if this Court were to find personal jurisdiction over the University, it would have to find Stevens' claims time-barred.

A federal court sitting in diversity will look to the choice of law provisions of the jurisdiction in which it sits, *Gray v. Am. Exp. Co.*, 743 F.2d 10, 16 (D.C. Cir. 1984) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)); here, the District of Columbia. The District states that in the absence of an effective choice of law by the parties it uses "a constructive blending of the "governmental interest analysis" and the "most significant relationship test." *Stephen A. Goldberg Co. v. Remsen Partners, Ltd.*, 170 F.3d 191, 193–94

5

(D.C. Cir. 1999). Factors to consider may include (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the contract's subject matter; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* (citing Restatement (Second) of Conflict of Laws § 188 (1971)). The place of performance receives "presumptive weight" with regard to a services contract. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 155 (D.D.C. 2008).

Here, Stevens argues that she entered into a contract with the University. The University is solely located in Delaware and all classes take place in Delaware. If a contract was ever created, it seems to have been contracted for and performed in Delaware. Although Stevens is now a resident of the District of Columbia, the Court would apply Delaware law because that is where all services were to be rendered.

Delaware law prohibits causes of action for breach of contract after three years from the date of breach. Del. Code Ann. tit. 10, § 8106 (West). Stevens last attended the University in 1998. Opp'n 11. Even assuming Stevens had a contract with the University, and further assuming that the breach occurred at the end of her time there when the school allegedly cancelled her program, the statute of limitations expired on her claim in 2001.

Stevens' claims for negligence and intentional infliction of emotional distress—if considered despite not being included in the complaint—would also be dismissed. No action may be brought for personal injuries after two years from the date the alleged injuries were sustained. Del. Code Ann. tit. 10, § 8119 (West). Grievances relating to "mental, emotional, and related physical trauma" are "in every sense a suit for personal injuries." *Anderson v. Anderson-Harrison*, 2013 WL 4492797, at *1 (Del. Super. Ct. Aug. 15, 2013). Although her brief does not clearly demonstrate how exactly the University was negligent or inflicted emotional distress, she

alleges no events relating to the University after 1998. As such, the Court would find these claims expired two years from the date of the alleged injuries—many years ago.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss is GRANTED, and plaintiff's claims are DISMISSED. A separate order consistent with this Opinion shall issue on this 7th day of October, 2014.

Signed October 7, 2014 by Royce C. Lamberth, United States District Judge.